* * * * * * * * * * * * * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner, assignments of error and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDING OF FACT
1. In plaintiff's Affidavit, he alleges that several named officers of defendant acted intentionally and conspiratorially to defraud him of $10.00, when they caused him to receive disciplinary action for a urination test that revealed dilution. Plaintiff alleged that the dilution *Page 2 
was caused by the large quantity of fluids he was required to drink due to his medication and, as a result, the disciplinary action should have been dismissed.
2. On February 2, 2006, defendant moved to dismiss plaintiff's claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief may be granted.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Claims based on intentional acts are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291. Plaintiff's allegations in the Affidavit, taken as true, amount to allegations of intentional acts on the part of the defendant. Therefore, the Industrial Commission lacks jurisdiction over plaintiff's claims. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing finding of fact and conclusion of law, the Full Commission enters the following:
 ORDER *Page 3 
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby dismissed with prejudice.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the __ day of February 2008.
 S/_____________
 PAMELA T. YOUNG
 CHAIR
CONCURRING:
 S/_____________ DANNY L. McDONALD COMMISSIONER
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER *Page 1